KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California State Bar No. 246653
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5956
Facsimile:  (619) 235-2757
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS OLIVARES, | Case No. 07cv2234BTM |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

    The United States, by and through its counsel Karen Hewitt, United States Attorney, and Caleb Mason, Assistant United States Attorney, files its Response to Petitioner's Petition for a Writ of Habeas Corpus. This Response is based upon the files and records of this case.

I.

Statement of Facts

On December 9, 2005, Border Patrol agents encountered the Petitioner, Jose Luis Olivares ("Olivares") near the Otay Mesa Port of Entry, approximately a half mile north of the Mexican border. Olivares, when questioned by the agents, admitted that he was a Mexican citizen without legal permission to enter the United States. Olivares was arrested and brought to the Chula Vista Border Patrol Station for processing.

At the station, Olivares' fingerprints and photograph were entered into the ENFORCE, IDENT, and IAFIS computer databases in order to determine his identity and any prior law enforcement contacts. The records revealed that Olivares was a citizen of Mexico, without legal permission to enter the United States. The records also revealed that Olivares was a convicted felon who had been deported from the United States following that felony conviction, and that he was on supervised release from

Olivares was advised of his Miranda and consular rights. He invoked his rights and was not questioned further.

II.

Procedural History

At the time of his arrest, Olivares was serving a 3-year term of supervised release from the District of Oregon. That term began on November 10, 2005.

On January 11, 2006, a federal grand jury in the Southern District of California returned an indictment charging Olivares, under the name of Ruben Rodriguez, with being a deported alien found in the United States. The Indictment alleged that Olivares was found in the United States on December 5, 2005. Olivares was arraigned on the Indictment and pleaded not guilty. A superseding indictment was returned on September 27, 2006, re-alleging the December 5, 2005 found-in date, and further alleging that Olivares was removed subsequent to December 2, 1996. Olivares was arraigned on the Superseding Indictment and pleaded not guilty.

On February 15, 2006, the United States Probation Office for the District of Oregon filed a Petition on Probation and Supervised Release requesting that the district court issue an Order to Show

Cause, and a warrant for Olivares' arrest. The petition alleged that Olivares was found in the United States on December 9, 2005 without having received legal permission to enter, in violation of his conditions of supervised release, among which was that he not re-enter the United States without legal permission to do so.

The District Court for the District of Oregon signed the petition on February 16, 2006, and the warrant issued that day. The warrant was returned executed on September 20, 2007. On that day, Olivares made his initial appearance on the OSC in Magistrate Court, and a date was set for an Identity/Removal hearing.

On September 21, 2007, Olivares was tried on the Illegal Re-Entry charge, in Case No. 06-cr-0057W. After the Government rested, the court determined that there was a material variance between the Indictment, which charged that Olivares was found in the United States on December 5, 2005, and the evidence presented at trial, which established that Olivares was found in the United States on December 9, 2005. The court accordingly granted Olivares' Rule 29 motion, and entered a judgment of acquittal.

After several continuances, the Identity/Removal hearing was held on December 4, 2007 before Magistrate Judge Jan M. Adler. The magistrate judge found that Olivares was the person named in the warrant from the District of Oregon, and that there was probable cause to believe that he had violated his conditions of supervised release.

Olivares then filed the instant Petition.

III.

Argument

A. This Court Lacks Jurisdiction to Further Adjudicate the Supervised Release Violation.

The sentencing court in this case is the District of Oregon. Jurisdiction to adjudicate a charge of violation of supervised release lies with the sentencing court, not with the court in the district of arrest. The governing rules are Rules 40, 5(c)(3), and 32.1 of the Federal Rules of Criminal Procedure. Those rules have been complied with, and under those rules, this Court must transfer Olivares to the

District of Oregon.

Rule 40 provides that when a person is arrested for a violation of supervised release in a district other than the one in which the supervised release was imposed, "the judge must proceed under Rule 5(c)(3) as applicable."

Rule 5(c)(3) requires that if (as here) the defendant was arrested pursuant to a warrant, and (as here) the government produces the warrant, and (as here) the court finds that the defendant is the person named in the warrant, then "the magistrate judge must transfer the defendant to the district where the offense was allegedly committed."

Rule 32.1 provides that if a person is arrested in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge must conduct a preliminary hearing if (as here) the violation occurred in the district of arrest. If the magistrate judge finds probable cause to believe that the violation occurred, then the magistrate judge must transfer the defendant to the district that has jurisdiction to conduct the revocation hearing.

Rule 32.1(a)(4) provides that jurisdiction to conduct a revocation hearing may lie either "originally or by transfer of jurisdiction." There is no original jurisdiction in this Court because the sentence was imposed in the District of Oregon. Nor has there been a transfer of jurisdiction. Nowhere in the docket does there appear an order, or request for an order, transferring jurisdiction from the District of Oregon to the Southern District of California. Absent such an order, the Rules are clear, and the jurisdiction of this Court is limited as indicated above: This Court is to hold a hearing to determine whether the individual arrested here is the same individual sought in Oregon and whether there is probable cause to believe that the alleged supervised release violation occurred. This Court has done that, and its jurisdiction in this case is exhausted.

Olivares' motion should be denied for want of jurisdiction, and the warrant of removal should be executed forthwith.

B. Olivares' Substantive Claims

Although this Court lacks jurisdiction to entertain Olivares' attacks on the validity of the supervised release statute and the procedures employed in effectuating that statue, the United States will

briefly respond to his arguments.

1. The Apprendi Jurisprudence Does Not Apply.

Under 18 U.S.C. Section 3583(e)(3), upon finding a violation by a preponderance of the evidence, a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision."

Olivares contends that the supervised release statute was rendered unconstitutional by the Supreme Court's Sixth Amendment decisions following Apprendi v. New Jersey, 530 U.S. 466 (2000).

Olivares is incorrect.

The Ninth Circuit considered precisely this argument on precisely these relevant facts in United States v. Huerta-Pimental, 445 F.3d 1220 (9th Cir. 2006) (holding that the constitutionality of § 3583 is not called into question by Apprendi and United States v. Booker, 543 U.S. 220 (2005), and that a district court's revocation of a defendant's supervised release does not violate the defendant's Sixth Amendment rights under Apprendi and Booker).

Olivares acknowledges that Huerta-Pimental squarely addressed, and squarely decided, the question of the constitutionality of the supervised release statute. See Olivares' Mot. at 9. He argues that Huerta-Pimental was wrongly decided. Id. at 10-11. The government recognizes Olivares' interest in preserving these arguments for a possible cert grant. However, they are no longer colorable arguments in this Circuit, and the government will simply rely on Huerta-Pimental.

2. Crawford Does Not Apply.

Olivares argues that Crawford v. Washington, 541 U.S. 36 (2004), prohibits the use of hearsay in supervised release violation proceedings. As with his Apprendi argument, Olivares' Crawford argument has been fully aired and squarely decided by the Ninth Circuit. See United States v. Hall, 419 F.3d 980, 985 (9th Cir. 2005) ("We reject Hall's assertion that Crawford extends the Sixth Amendment right to confrontation to revocation of supervised release proceedings.").

Olivares does not cite Hall in his motion; as above, the government will simply rely on it as the controlling law in this circuit.

3. <u>Collateral Estoppel Does Not Apply.</u>

The judgment of acquittal in the <u>Rodriguez</u> case, No. 06-cr-0057-W, concerning the same individual, to which counsel alludes (Rodriguez is another name used by Olivares) was entered because of a variance between the indictment, which charged that Olivares was found in the United States on December 5, 2005, and the evidence introduced at trial, which showed that Olivares was found in the United States on December 9, 2005 and had been deported on December 8, 2005. Because the crime he was charged with was re-entry after deportation, the evidence introduced was fatally at variance with the facts charged in the indictment.

However, re-entry per se is a violation of Olivares' supervised release conditions. Accordingly, whatever the date he re-entered, his being found in the United States constitutes grounds for revoking his supervised release. There was no finding in the <u>Rodriguez</u> case that Olivares was not presently in, and had not entered, the United States. Indeed, on the contrary, the unrebutted evidence was that Olivares had been found in the United States on December 9, 2005.

In addition, the standards of proof in the two proceedings are different. In a criminal trial, the standard is beyond a reasonable doubt. In a supervised release revocation proceeding, the standard is probable cause (preponderance of the evidence). 18 U.S.C. § 3583(e)(3). In an identity hearing, the standard is "adequate proof." <u>United States v. Johnson</u>, 45 F.R.D. 427, 429 (D. Nev. 1968). Thus, collateral estoppel principles do not preclude the government from proving by a preponderance of evidence in a supervised release proceeding, a fact which the government had previously failed to prove beyond a reasonable doubt in a criminal trial. The judgment of acquittal in the criminal case does not percolate downward to subsequent proceedings, such as the supervised release and identity proceedings, with lower standards of proof.

4. <u>Double Jeopardy Does Not Apply.</u>

The constitutional bar on double jeopardy is not implicated in this case because a supervised release violation is legally independent of any separate crime that may trigger it. One standard condition of supervised release is that the defendant not commit any crimes, federal, state, or local. If Double Jeopardy applied to this condition, then a defendant who committed another crime while on supervised

release and was tried and punished for that other crime could not also be sentenced for the supervised release violation. That is simply not the law. Supervised release is part of the original sentence, and additional prison time can be imposed for violation of supervised release conditions, in addition to any substantive sentence for the crime that triggers the violation. <u>United States v. Liero</u>, 298 F.3d 1175, 1178 (9th Cir.2002); <u>United States v. Soto-Olivas</u>, 44 F.3d 788, 790 (9th Cir.1995).

<u>5. There Was no Unreasonable Delay or Vindictive Prosecution Here.</u>

As long as Olivares remains on supervised release, he is liable to be held to answer to the United States District Court for the District of Oregon for any violations of his supervised release conditions. One of those conditions is that he not re-enter the United States. Re-entry after deportation also constitutes a separate substantive offense. The two charges may be brought in any order, at any time within the period of supervised release or the statute of limitations, respectively. Olivares' term of supervised release commenced on November 10, 2005. <u>Petition for Warrant, Petitioner's Exhibit 2</u>, at 1. The statute of limitations for illegal re-entry under Section 1326 is five years. 18 U.S.C. § 3282(a). Accordingly, the warrant from the District of Oregon, and the indictment in the Southern District of California, were both timely and proper.

Bringing the criminal charge first is a logical and efficient use of prosecutorial and judicial resources, because a defendant's conviction for criminal conduct will be conclusive proof, in subsequent revocation hearings, that he committed that conduct. If the revocation proceedings were held first, the factual issues would have to be re-litigated in any subsequent criminal proceedings.

IV.

<u>Conclusion</u>

For the foregoing reasons, the Petition should be denied and Olivares should be transferred to the District of Oregon.

| | |
|---|---|
| 1 | DATED: December 21, 2007. |
| 2 | Respectfully Submitted, |
| | KAREN P. HEWITT |
| 3 | United States Attorney |
| 4 | /s/ *Caleb E. Mason* |
| | CALEB E. MASON |
| 5 | Assistant United States Attorney |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS OLIVARES,  )<br>       Petitioner,  )<br>   v.  )<br>UNITED STATES OF AMERICA,  )<br>       Respndent.  ) | Case No. 07cv2234BTM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Caleb Mason, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States's Response as counsel for the United States, dated December 21, 2007, and this Certificate of Service, dated December 21, 2007, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Joan Kerry Bader, Esq.
964 5th Ave. Suite 214
San Diego CA 92101
*Attorney for defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2007.

/s/ ***Caleb E. Mason***
CALEB E. MASON
Assistant United States Attorney